**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jake's, Ltd., Inc., a Minnesota corporation, and Richard J. Jacobson,

Plaintiffs,

v.

The City of Coates, a municipal corporation,

Defendant.

Civil No. 00-192 (DWF/AJB)

**ORDER AND MEMORANDUM**

---

Randall D.B. Tigue, Esq., Tigue Law Office, 2940 Pillsbury Avenue South, Suite 200, Minneapolis, Minnesota 55408, appeared on behalf of Plaintiffs.

James J. Thomson, Esq., Kennedy & Graven, 470 Pillsbury Center, 200 6th Street South, Minneapolis, Minnesota 55402, appeared on behalf of Defendant.

---

**Order**

The current motion before the Court is Plaintiffs' Motion for Amended Findings and for a Stay of the Trial Court's Decision Pending Appeal. In addition, Defendant has requested that the Court revise its February 16, 2001, order to issue an injunction enjoining Plaintiffs from operating a sexually-oriented business at their current location. Both parties' requests are in response to the Court's February 16, 2001, Memorandum Opinion and Order which granted summary judgment in favor of Defendant. For the reasons stated, it is hereby ordered that:

1. Defendant's Request for a Revised Order (Doc. No. 28) is **GRANTED** such that:

a. To the extent that Plaintiffs are in violation of the Court's February 16, 2001, Memorandum Opinion and Order in this matter and relevant ordinances of the City of Coates, including those found to be constitutional by this

FILED MAR 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAR 13 2001
DEPUTY CLERK

Court, Plaintiffs are enjoined from operating a sexually-oriented business at their current location.

b. Except as amended by the above provision and as stayed pursuant to the following provisions of this Order, the February 16, 2001, order of this Court (Doc. No. 21) shall remain in effect.

2. Plaintiffs' Motion for Amended Findings and for a Stay of the Trial Court's Decision Pending Appeal (Doc. No. 23) is **GRANTED IN PART** and **DENIED IN PART** such that:

a. The Court declines to amend its findings issued in the form of its February 16, 2001, Memorandum Opinion and Order; and

b. The Court will stay enforcement of its February 16, 2001, Memorandum Opinion and Order, pending appeal.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 13, 2001

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

**1. Plaintiffs' Motion for Amended Findings**

Plaintiffs' Motion for Amended Findings is based on Plaintiffs' argument that Minn. Stat. § 462.357, subd. 1(c) is unconstitutional. Minn. Stat. § 462.357, subd. 1(c) states that:

> Except as otherwise provided in this subdivision, a municipality must not enact, amend, or enforce an ordinance providing for the elimination or termination of a

> use by amortization which use was lawful at the time of its inception. This subdivision does not apply to adults-only bookstores, adults-only theaters, or similar adults-only businesses as defined by ordinance.

Plaintiffs maintain that the exemption for adults-only businesses is unconstitutional and severable from the rest of the provision, thus precluding the amortization of all non-conforming uses, regardless of business type. They argue that the exception is overbroad and without an evidentiary basis that such businesses cause adverse secondary effects.

To begin, Plaintiffs failed to raise this argument in any of their briefing papers prior to the hearing on October 13, 2000. Plaintiffs' counsel raised the argument at hearing, providing minimal elaboration to the Court. Since the hearing, however, Plaintiffs' counsel has submitted letters and now a motion addressing this new theory. While the Court certainly supports and encourages conscientious and thorough advocacy, a significant amount of Plaintiffs' argument since the hearing has not rested on newly decided case law. Not only can such submissions compromise a party's compliance with the Local Rules, but they can also detract from the proven effect of a thorough yet concise distillation of the law truly applicable to a party's case. Even considering its ruling in light of Minn. Stat. § 462.357, subd. 1(c), however, the Court finds that its previous decision requires no amendment.

Minn Stat. § 462.357, subd. 1(c) was enacted in 1999. As Defendant has pointed out and this Court previously found, however, courts, including the Eighth Circuit, have routinely upheld the amortization of adults-only businesses as constitutional. *See Ambassador Books & Video, Inc. v. City of Little Rock*, 20 F.3d 858 (8th Cir. 1994); *Holmberg v. City of Ramsey*, 12 F.3d 140, 144 (8th Cir. 1994). The decision of the Minnesota legislature to prevent amortization of other businesses has no impact on the practice with respect to adults-only businesses. In effect, the legislature was officially recognizing and deferring to prior judicial decisions on the issue. By

implication, the validity of such an exemption has already been established by the Eighth Circuit and other courts.

To state that the statute is overbroad is also without merit. The only clause that provides breadth to the statute is that which states, "or similar adults-only businesses as defined by ordinance." The clause simply recognizes that a municipality should not be unable to invoke the statute simply because it uses different terms to describe adults-only businesses or because it may host businesses different from theaters or bookstores but subject to the same limited First Amendment protection, i.e. sexually-oriented businesses such as nude dancing establishments. Nonetheless, the clause requires the municipality to define the exempt uses and it is that definition that could ultimately be subject to First Amendment challenge. While the term "similar" generally may not create the brightest of lines, to argue that it would allow for trucking companies and Dairy Queens to be termed "adults-only" ignores the widely-accepted meaning of the term in the constitutional arena. For these reasons, the Court declines to amend its holding with respect to the constitutionality of the amortization provision.

**2. Plaintiffs' Motion for a Stay Pending Appeal**

**a. Standard of Review**

The decision whether to stay a final judgment pending appeal is within the discretion of a trial court. Fed. R. Civ. P. 62(c). If a stay is granted, a court may do so "upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." *Id.* The standards for granting a stay pending appeal are: (1) a strong showing that the appellant will likely prevail on the merits of the appeal; (2) a showing that the appellant will suffer irreparable harm if the stay is denied; (3) a showing that no substantial harm will come to other interested parties if the stay is issued; and (4) a showing that a stay will not harm the public

interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Reserve Mining Co. v. United States*, 498 F.2d 1073, 1076-77 (8th Cir. 1974). In essence, a court must balance the equities in light of the circumstance of the particular case. *Reserve Mining*, 498 F.2d at 1077 (noting weighted importance of public health as fourth factor particularly in environmental cases).

**b. Likelihood of Success on the Merits**

Plaintiffs maintain that they are likely to succeed on appeal, challenging mainly the Court's decision with respect to the amortization and licensing provisions. As the Court has noted above and in its February 16, 2001, order, there is clear precedent in this Circuit that amortization clauses are constitutional as applied to sexually-oriented businesses. *Ambassador Books & Video, Inc. v. City of Little Rock*, 20 F.3d 858 (8th Cir. 1994); *Holmberg v. City of Ramsey*, 12 F.3d 140, 144 (8th Cir. 1994). The case law cited by Plaintiffs on this issue subsequent to the Court's decision in this case does not challenge the foundation upon which the decision rests.

Plaintiffs cite to *N.W. Enterprises, Inc. v. City of Houston*, 27 F. Supp. 2d 754 (S.D. Tex. 1999), for its invalidation of a distance ordinance that was not established to have any potential effect on the adverse secondary effects of sexually-oriented businesses yet was to be applied to established businesses that had relied on the previous, less-stringent distance ordinance. What Plaintiffs fail to discuss about *N.W. Enterprises*, however, is that the court also addressed the application of amortization provisions to sexually-oriented businesses. *Id.* at 817-22. While the issues before the *N.W. Enterprises* court related primarily to the adequacy of the provision and the extension process provided, the court's analysis operated around the principle that amortization provisions were properly applied to sexually-oriented businesses. *Id.* at 817. This

Court does not see how *N.W. Enterprises* affects its previous decision other than by perhaps providing further support.

The second case that Plaintiffs cite is *XLP Corp. v. County of Lake*, 2000 WL 33156447 (Ill. App. 2nd Dist. 2000). The issue before the *XLP* court was whether, *on the pleadings*, it could decide the constitutionality of enforcing an ordinance against an already existing sexually-oriented business when the city based its enactment on the experience of other municipalities. In *XLP*, the plaintiff-business contested such a decision, arguing that the case should go to trial. To the contrary, the parties in this case both sought summary judgment, apparently finding the *XLP* issue irrelevant to the instant facts.

Plaintiffs also cite *Flanigan's Enterprises, Inc. v. Fulton County*, 2001 WL 166375 (11th Cir. Feb. 20, 2001), for its finding that "it was unreasonable for Defendants to rely on remote, foreign studies concerning secondary effects when the county's own current, empirical data conclusively demonstrated that such studies were not relevant to local conditions" when enacting a liquor ban for sexually-oriented businesses. *Flanigan's*, 2001 WL 166375, *8. In its previous order granting summary judgment, this Court found that Ordinance 40 containing the amortization provision mirrors Ordinance 21 which was previously evaluated by Judge Richard Kyle of this District. The evidence of adverse secondary effects for Ordinance 21 was already deemed sufficient by Judge Kyle as discussed in his January 26, 1998, Memorandum Opinion and Order, pp. 8-9, and again cited in his Findings of Fact and Conclusions of Law subsequent to trial, dated April 13, 1998, p. 13.

The Court has found no case law that requires a City to produce new or additional evidence of adverse secondary effects upon the amendment of an ordinance, particularly when the amendment is an update of an amortization provision that had expired pending judicial

proceedings and that was deemed substantively constitutional. Moreover, as it explained in its previous order, the Court does not read *City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000), to require that a city generate its own study of adverse secondary effects. To the extent that the City did so in this case subsequent to its original enactment of Ordinance 21, the Court found, after considering Plaintiffs challenges, that the results did not contradict the general conclusions already gleaned from the studies of other communities. Even to the extent that Plaintiffs' challenges minimized the degree of the City's findings of adverse secondary effects, evidence of criminal activity remained and, in conjunction with its previous reliance on other studies, provided sufficient basis upon which to amend the ordinance.

Plaintiffs also challenge the Court's decision with respect to the licensing ordinance. After a thorough review of the record, all arguments and submissions of the parties, and being otherwise duly advised in the premises, the Court reached a reasoned conclusion. The Court stands by its earlier decision, yet recognizes the possibility that the Eighth Circuit could disagree. While the Court does not find this factor to weigh strongly in favor of Plaintiffs, in light of the First Amendment implications and the additional factors discussed below, the Court will grant the requested stay.

**c. Likelihood of Irreparable Harm to Appellant**

The likelihood that Plaintiffs will suffer irreparable harm if the Court were to deny the stay is strong. Without a stay, Plaintiffs would be enjoined from operating the sexually-oriented business, Jake's, at its current location. The potential financial, professional, and personal impact of such an injunction is significant. Moreover, to the extent that Plaintiffs' activity is protected by the First Amendment, Plaintiffs would experience further irreparable harm should an appeal be successful and a stay not have been granted. Defendant's contention that Plaintiffs

could avoid irreparable harm by operating an alternative business in accordance with unchallenged City ordinances is somewhat unrealistic and ignores the First Amendment implications.

**d. Likelihood of Harm to Defendant and Public Interest**

Because the Defendant represents the City, the third and fourth factors virtually merge. Defendant contends that if a stay is granted, then the City will be harmed by the adverse secondary effects of the sexually-oriented business, especially criminal activity. Correspondingly, the public interest in public health and safety would be implicated While these two factors certainly argue effectively against granting a stay, the Court finds that the potential irreparable harm tips the balance in favor of a stay. For these reasons, the Court will stay its February 16, 2001, order pending appeal.

Neither party has submitted argument on the issue of whether the Court should require a bond. Defendant has maintained that the injury to be suffered should the stay be granted is the result of adverse secondary effects attendant to Plaintiffs' business. The Court, however, declines to speculate as to the nature and extent of such harm and holds that no bond shall be required upon the stay of this Court's order pending appeal.

D.W.F.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: MAR 13 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995