**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jake's, Ltd., Inc., a Minnesota corporation, and Richard J. Jacobson,

Plaintiffs,

v.

The City of Coates, a municipal corporation,

Defendant.

Civil No. 00-192 (DWF/AJB)

**ORDER AND MEMORANDUM**

---

Randall D.B. Tigue, Esq., Tigue Law Office, 2940 Pillsbury Avenue South, Suite 200, Minneapolis, Minnesota 55408, on behalf of Plaintiffs.

James J. Thomson, Esq. and Joe Y. Yang, Esq., Kennedy & Graven, 470 Pillsbury Center, 200 6th Street South, Minneapolis, Minnesota 55402, on behalf of Defendant.

---

The above-entitled matter came on for hearing before the undersigned United States District Judge on June 18, 2002, pursuant to Defendant's Motion for Contempt Order and Plaintiffs' Motion to Strike. Based upon the submissions and arguments of both parties, the record in this case, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. That Plaintiffs' Motion to Strike (Doc. No. 40) is **GRANTED**; and

2. That Defendant's Motion for Contempt Order (Doc. No. 35) is **GRANTED** such that:

FILED JUN 1 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

a. The Court finds Plaintiffs to be in contempt of this Court's March 13, 2001, Order by continuing to operate a sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota, in violation of city ordinances. The Court further finds that Plaintiffs have failed to abide by this Court's March 13, 2001, Order since May 22, 2002, the date of the Eighth Circuit Court of Appeals mandate enforcing this Court's March 13, 2001, Order;

b. Plaintiffs are ordered to close the sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota as of 6:00 p.m. Friday, June 21, 2002, and are further ordered to place a conspicuous sign at all entrances to the premises stating that the business has been closed pursuant to an order of the United States District Court for the District of Minnesota;

The United States Marshal is hereby respectfully directed to place a seal on Plaintiffs business located at 15981 Clayton Avenue in Coates, Minnesota;

c. Plaintiffs shall pay Defendant $1,000 per day for each day that Plaintiffs continue to operate a sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota after 6:00 p.m. Friday, June 21, 2002, in violation of this Court's orders in this matter; and

d. Finding that Plaintiffs' opposition to Defendant's motion is not made in good faith, the Court further orders Plaintiffs to pay Defendant for all costs and attorney fees incurred in enforcing and assuring compliance with this Court's March 13, 2001, Order, including the attorney fees and costs relating to the current motions before the Court. Defendant is respectfully directed to submit an affidavit to the Court by July 1, 2002, setting forth the attorney fees and costs sought pursuant to this provision.

Plaintiffs may then submit a response to Defendant's affidavit to be filed with the Court by July 8, 2002.

Dated: June 19, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

By a February 16, 2001, Memorandum Opinion and Order in this matter, the Court found the zoning and licensing ordinances challenged by Plaintiffs to be constitutional. As a result, the Court issued a subsequent order on March 13, 2001, enjoining Plaintiffs from operating a sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota, in violation of city ordinances, including those found to be constitutional by the Court's previous order. The Court stayed the effect of its March 13, 2001, Order pending Plaintiffs' appeal to the Eighth Circuit Court of Appeals. On March 26, 2002, the Eighth Circuit affirmed this Court's February 16, 2001, decision, with one modification. The Eighth Circuit vacated this Court's grant of summary judgment and dismissed for lack of jurisdiction Plaintiffs' challenge to § 508.10(5) of City Ordinance No. 36, a provision restricting the grant of a license to a person with a felony conviction. In all other respects, this Court's February 16, 2001, grant of summary judgment to Defendant was affirmed and subsequently put into effect by the Eighth Circuit mandate, dated May 22, 2002.

Since May 22, 2002, Plaintiffs have continued to operate Jake's Bar at 15981 Clayton Avenue in Coates, Minnesota, prompting Defendant's current motion for an order of contempt. In opposition, Plaintiffs now proclaim that they are indeed in compliance with the Court's order

because they no longer operate a sexually-oriented business, as defined by the City of Coates, and thus are no longer subject to the zoning or licensing ordinances regulating sexually-oriented businesses. Until June 13, 2002, the date on which Plaintiffs filed their memorandum in opposition to Defendant's motion, Plaintiffs had never contested the classification of Jake's Bar as a sexually-oriented business. However, in a last minute attempt to avoid the effect of this Court's orders, Plaintiffs now claim to have adjusted the manner in which they operate Jake's Bar so that the orders no longer apply. The Court is not persuaded.

The parties agree that, if Jake's Bar is a sexually-oriented business, then it falls within the sub-category of "adult entertainment facility" which is defined by the City as:

> [A] building or space wherein an admission is charged for entrance or food or non-alcoholic beverages are sold or intended for consumption and wherein may be observed live presentation or entertainment distinguished or characterized by an emphasis on matters depicting, describing, or relating to specified sexual activities or specified anatomical areas as defined herein.

City of Coates, Ordinance No. 40, § 801(58). Prior to May 22, 2002, Plaintiffs concede that they both charged an admission fee of $5.00 and sold food and non-alcoholic beverages within the establishment where nude dancing occurred. However, Plaintiffs contend that at some point after May 22, 2002, they ceased charging for admission and selling food and drink inside the bar. Instead, Plaintiffs began charging a $5.00 "parking fee" and sold non-alcoholic drinks from a vending machine and cooler located just outside the door and for the consumption outside the building. Plaintiffs represent that the "parking fee" is charged to any person who parks in Jake's parking lot regardless of whether the individual enters the establishment; and if a patron of Jake's does not park in the lot, then they enter the bar free of charge.

The parties have submitted competing affidavits attempting to establish how Jake's maintains its revenue stream after allegedly ceasing to collect an admission charge at the door.

As the Court stated at hearing, the Court does not find the affidavits to be determinative. Even assuming any of the affidavits are credible, the evidence relates only to the activity on a certain date. Because the accounts are wholly inconsistent, the affidavits themselves fail to describe a consistent practice since May 22, 2002. That being said, however, the Court finds that Plaintiffs' purported adjustments to their manner of operation fail to release Jake's Bar of its classification as a sexually-oriented business.

The "parking fee" is an admission fee. Comparing the parking fee at Jake's to the parking fee charged at a downtown Minneapolis parking garage rings hollow with the Court, in part because of the obvious difference in premiums that can viably be placed on parking in both areas. Plaintiffs make no claim that maintaining a parking lot in Coates recently has become more expensive, nor do they make any contention that the need for parking in Coates is on the rise. Rather they admit that the fee is now charged in order to avoid charging an admission charge. The Court fails to see the difference in the charges. The "parking fee" is the functional equivalent of the admission charge Plaintiffs seek to avoid, and the Court will not allow the Plaintiffs to dodge the force of the Court's orders by engaging in games of labeling and semantics.

Moreover, the mere relocation of non-alcoholic beverages from inside the bar to just outside the door does not change that such beverages continue to be sold and are intended for consumption on the premises where nude dancing occurs. The Court rejects Plaintiffs' contention that, because the selling and consumption do not occur where the dancing can be seen or occur outside of the building, Jake's is not operating as a sexually-oriented business. If the Court were to accept such an interpretation, then the Court would also have to accept that Jake's Bar would not be a sexually-oriented business if it permitted customers to stand just outside the

doorway drinking a non-alcoholic beverage while still watching the entertainment inside the building. Non-alcoholic beverages continue to be sold on the premises of Jake's Bar, and as such Jake's Bar continues to operate as a sexually-oriented business, as defined by the City of Coates.

Plaintiffs have continued to operate their business as they always have. Jake's Bar offers live nude dancing for which it receives payment from its patrons, at a minimum, as they enter the establishment and also when they consume non-alcoholic beverages. Plaintiffs' attempt to alter the guise under which they collect these charges does not alter the fact of their collection, the very fact that renders Jake's Bar a sexually-oriented business as defined by the City of Coates. Accordingly, the Court finds that by continuing to operate Jake's Bar at 15981 Clayton Avenue in Coates, Minnesota, Plaintiffs are in contempt of this Court's March 13, 2001, Order. The Court further finds that Plaintiffs' opposition to Defendant's current motion, while arguably creative, was not brought in good faith, but, rather, as a last minute attempt to postpone the effect of valid ordinances and the orders of the Eighth Circuit Court of Appeals and this Court.

D.W.F.