UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jake's, Ltd., Inc., a Minnesota corporation, and Richard J. Jacobson,

Plaintiffs,

v.

The City of Coates, a municipal corporation,

Defendant.

Civil No. 00-192 (DWF/AJB)

**ORDER**

---

Randall D.B. Tigue, Esq., Tigue Law Office, 2940 Pillsbury Avenue South, Suite 200, Minneapolis, Minnesota 55408, on behalf of Plaintiffs.

James J. Thomson, Esq., and Joe Y. Yang, Esq., Kennedy & Graven, 470 Pillsbury Center, 200 Sixth Street South, Minneapolis, Minnesota 55402, on behalf of Defendant.

---

The above-entitled matter is before the undersigned United States District Judge, pursuant to Plaintiffs' Proposal for Release of Seal and Closure. Based upon the submissions of both parties, the record in this case, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. That Plaintiffs' Proposal for Release of Seal and Closure (Doc. No. 40) is **DENIED**.

Dated: June 28, 2002

DONOVAN W. FRANK
Judge of United States District Court

FILED JUN 28 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## MEMORANDUM

By this Court's June 21, 2002, Amended Order, the Court did not intend to insert itself as a reviewing body for all intended uses of the property in question. Rather, the Court required notice to Defendant and approval of the Court before signs and seals are lifted, in light of Plaintiffs' manipulative attempts, but ultimate failure, to abide by the Court's previous orders. The Court can resolve only those disputes properly before it. The Court will not engage in the interpretation of ordinances or provisions other than those that are the subject of the current matter before the Court. Moreover, the City, not the Court, is the proper entity to apply the ordinances of the City of Coates. This Court has issued its rulings on the matters before it. It is now incumbent upon the parties to act in accordance with the orders of this Court and the Eighth Circuit. Any showing or affirmation that Plaintiffs have made substantial modifications to their business so that they come in purported compliance with the court orders and relevant ordinances must be made to the City of Coates. To the extent that such modifications do not change Jake's status as a sexually-oriented business and Plaintiffs continue to operate at their current location, Plaintiffs shall remain in contempt of this Court's order, and any further motion to be brought before this Court shall be for further contempt. As the parties are fully aware, there is a provision in the Court's order by which Plaintiffs shall pay Defendant $1,000 per day for every day that they remain in contempt of the Court's order.

In its March 26, 2002, opinion in this matter, the Eighth Circuit stated that: "Here, the Coates zoning ordinance is constitutional, so Jake's must relocate." *Jake's, Ltd., Inc. v. City of Coates*, 284 F.3d 884, 891 (8th Cir. 2002). While most would conclude that the Eighth Circuit had ended the matter, Plaintiffs appear to have concluded otherwise and continue to reinvent the dispute in the attempt to elude the effect of the valid ordinances and orders relevant to this case.

Significant expenditures of time and resources have been made in the effort to get around this Court's order rather than to seek a resolution in the best interest of the parties. Whether with or without the assistance of a Magistrate Judge, the Court respectfully directs the parties to consider resolutions alternative to repeated and costly motions and proceedings before the Court. If the parties should have interest in the services of a Magistrate Judge to resolve any remaining issues, the parties are respectfully directed to contact Kathy Thobe, Calendar Clerk for Magistrate Judge Arthur J. Boylan, at 651-848-1210.

D.W.F.