**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jake's, Ltd., Inc., a Minnesota corporation, and Richard J. Jacobson,

Plaintiffs,

v.

The City of Coates, a municipal corporation,

Defendant.

Civil No. 00-192 (DWF/AJB)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT ON PLAINTIFFS' MOTION FOR ATTORNEY FEES**

---

Randall D.B. Tigue, Esq., Tigue Law Office, 2940 Pillsbury Avenue South, Suite 200, Minneapolis, Minnesota 55408, on behalf of Plaintiffs.

James J. Thomson, Esq., and Joe Y. Yang, Esq., Kennedy & Graven, 470 Pillsbury Center, 200 Sixth Street South, Minneapolis, Minnesota 55402, on behalf of Defendant.

---

The above-entitled matter is before the Court upon Defendant's motion for attorney fees and costs. On June 19, 2002, the Court entered an order finding the Defendant in contempt of the Court's order of March 13, 2001, by continuing to operate a sexually orientated business at 15981 Clayton Avenue in Coates, Minnesota, in violation of city ordinances. The Court further found that Plaintiffs had failed to abide by the Court's March 13, 2001, order since May 22, 2002, the date of the Eighth Circuit Court of Appeals' mandate enforcing this Court's order of March 13, 2001. At paragraph 2.d., of the Court's June 19, 2002, order, the Court directed the Defendant to submit an affidavit by July 1, 2002, setting forth the attorney fees and costs incurred in enforcing and ensuring compliance with the March 13, 2001, order of the Court. The Defendant has done so. Plaintiffs were directed to make a response to the Defendant's affidavit to be filed with the Court by July 8, 2002. No response has been made by the Plaintiffs.

FILED AUG 0 1 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD AUG 0 1 2002
DEPUTY CLERK

Based upon the presentations of the parties; the Court having reviewed the submissions of the parties, the contents of the Court's file, the record before the Court, and the procedural history of the file; and the Court being otherwise duly advised in the premises, the Court hereby makes the following:

**FINDINGS OF FACT**

1. As noted above, the Court found in its order of June 19, 2002, that Plaintiff's opposition to Defendant's motion for contempt and enforcement of the Court's order of March 13, 2001, was not made in good faith. The Court further found that the Defendant was entitled to all reasonable costs and attorney fees incurred in enforcing and assuring compliance with the March 13, 2001, order of the Court.

2. The Defendant has submitted a request for attorney fees and costs in the amount of $6,490.57. The affidavit of James J. Thomson, describing the fees and costs incurred, is attached hereto as Exhibit A.

3. The Court finds and concludes that the hourly rates submitted by the Defendant are reasonable, those rates being $140 for James J. Thomson, $75 for legal assistants, and $60 for law clerks. The Court finds that the utilization of a lawyer, legal assistants, and law clerks was reasonable, based upon the record before the Court. The Court finds that the request for $5,810.00 in attorney fees is reasonable.

4. The Court finds that the request for costs and disbursements in the amount of $680.57 is reasonable and appropriate.

5. The Court finds that the total amount sought by the Defendant of $6,490.57 is fair and reasonable, based upon the record before the Court.

6. Any conclusion of law that is deemed a finding of fact is incorporated herein as such.

Based upon the above findings of fact, the Court now makes its:

**CONCLUSIONS OF LAW**

1. The Court finds and concludes that the Defendant City of Coates is entitled to a judgment of this Court for reasonable attorney fees and costs, consistent with the findings of fact above, in the amount of $6,490.57.

2. That any finding of fact which is deemed a conclusion of law is incorporated herein as such.

Based upon the above findings of fact and conclusions of law, the Court now enters the following:

**ORDER**

1. Consistent with the findings of fact and conclusions of law, Defendant The City of Coates is entitled to a judgment of this Court in the amount of $6,490.57 for reasonable attorney fees and costs against Plaintiffs Jake's, Ltd., Inc., and Richard J. Jacobson.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 1, 2002

DONOVAN W. FRANK
Judge of United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

RECEIVED
02 JUL -1 PM 4:45
CLERK U.S. DIST. COURT
MINNEAPOLIS, MN

Case No. 00-192 DWF/AJB

Jake's Ltd., Inc. a Minnesota corporation
and Richard J. Jacobson,

Plaintiffs,

v.

The City of Coates, a municipal
Corporation,

Defendant.

**AFFIDAVIT OF JAMES J. THOMSON**

STATE OF MINNESOTA )
)SS
COUNTY OF HENNEPIN )

I, James J. Thomson, being first duly sworn, under oath state as follows:

1. I am an attorney with the law firm of Kennedy & Graven, Chartered, and the attorney for Defendant City of Coates in this matter. I am submitting this Affidavit in support of the City's request for attorney's fees, costs and disbursements as authorized by this Court's Order dated June 19, 2002.

2. I have over 25 years of legal experience with particular emphasis in the areas of municipal law and municipal litigation. I was admitted to the State Bar of California and to the United States District Court for the Southern District of California in 1976. I was admitted to the State Bar of Minnesota and to this Court in 1982. I am also admitted to practice before the Eighth Circuit and the United States Supreme Court.

3. In 2002, the hourly rate that is being charged for my time in connection with this

matter is $140. The hourly rate for legal assistants and law clerks are $75 and $60 respectively. Our firm charges $.20 for photocopies and $.50 for each facsimile. Out-of-pocket expenses, such as process serving and postage, are billed at our direct out-of-pocket costs.

4. Attached to this Affidavit is a printout of all attorney time, costs, and disbursements associated with the City's Motion for Contempt and to respond to Plaintiffs' motion to lift the seal. The costs, disbursements, and attorney's fees associated with the City's Motion for Contempt is $5,743.47. The City also incurred $714.00 in attorney's fees and $33.10 in costs and disbursements associated with responding to Plaintiffs' request to lift the seal, which was denied by this Court by order dated June 28, 2002. I request that this amount also be awarded for a total of $6,490.57.

5. Based on my knowledge and experience of hourly rates for attorneys in the metropolitan area, I believe that the hourly rate charged for my services is reasonable, as is the amount charged for costs and disbursements.

James J. Thomson

Subscribed and sworn to before me this 1st day of July, 2002.

Lucille M. Hadler
Notary Public

LUCILLE M. HADLER
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2005

**Kennedy & Graven, Chartered**
200 South Sixth Street
Suite 470
Minneapolis, MN 55402

(612) 337-9300
41-1225694

July 1, 2002
Invoice # 52436

League of Minnesota Cities Insurance Trust
Mark Rossow
145 University Avenue West
St. Paul, MN 55103

BE295-00063 Jake's Ltd., Inc. vs. City of Coates (LMCIT #11029570)

Through June 30, 2002

For All Legal Services As Follows:

| | | | Hours | Amount |
|---|---|---|---|---|
| 5/31/02 | JJT | Phone call from mayor re status of injunction; phone call to sheriff's office re inspection of business | 0.80 | 112.00 |
| 6/3/02 | JJT | Review letter from R Tigue; letter to R Tigue re contempt of court matter; phone call to Judge Frank's clerk re hearing on contempt motion; phone call from mayor re enforcement of injunction; email to LMCIT re need to bring contempt motion | 1.40 | 196.00 |
| 6/4/02 | JJT | Phone call to Judge Frank's clerk re contempt hearing; letter to R Tigue re same; phone call from mayor re status of Jake's | 0.80 | 112.00 |
| 6/5/02 | JJT | Phone call with W Schultz in preparation for affidavit; prepare affidavit and fax to W Schultz; begin preparation of memorandum of law in support of contempt motion; review law re contempt | 4.70 | 658.00 |
| 6/6/02 | JJT | Letter from R Tigue re scheduling of contempt hearing; phone call to L Lindquist re same; phone call to R Tigue; fax to L Lindquist and R Tigue; phone call from L Lindquist re revised hearing date; prepare affidavit of M Karnick; prepare affidavit of W Schultz; prepare memorandum of law in support of contempt motion; review law re civil contempt; review Judge Rosenbaum's order in St. Cloud case; review licensing and zoning ordinance; prepare notice of motion and motion for contempt | 6.20 | 868.00 |
| 6/7/02 | JJT | Prepare memorandum of law; review law re remedies for civil contempt; compile and review exhibits in support of contempt motion; letters to R Tigue, clerk of court and client | 4.90 | 686.00 |
| 6/13/02 | JJT | Review plaintiffs' memorandum and affidavits; review proposed orders | 1.20 | 168.00 |
| 6/14/02 | JJT | Letter to client re plaintiffs' memorandum; phone call to mayor; phone call with W Schultz; review cases cited in plaintiffs' memorandum; begin preparation of reply memorandum | 3.70 | 518.00 |
| 6/16/02 | JJT | Prepare reply memorandum of law; prepare Mahler and | 2.00 | 280.00 |

**Kennedy & Graven, Chartered**
200 South Sixth Street
Suite 470
Minneapolis, MN 55402

League of Minnesota
Mark Rossow

June 30, 2002

| | | | | |
|---|---|---|---|---|
| | | Schultz affidavits; phone call to mayor re status of motion; review plaintiffs' affidavits; letters to R Tigue and court clerk | | |
| 6/17/02 | JJT | Review, revise and finalize memorandum of law; review definition of adult entertainment facility; review case law re civil/criminal contempt; phone call from Deputy Cotton; prepare affidavit for Deputy Cotton | 3.30 | 462.00 |
| 6/18/02 | JJT | Revise Cotton affidavit and meet with Deputy Cotton; prepare for and attend contempt hearing; office conference with Mayor Gores; email to R Weisbrod re hearing | 3.70 | 518.00 |
| 6/20/02 | JJT | Review Judge Frank's order; letter to client; phone call from mayor re order | 0.80 | 112.00 |
| 6/25/02 | JJT | Review plaintiffs' proposal to modify order; phone call to M Molenda; phone call to mayor; review city's zoning ordinance and adult use ordinance | 1.80 | 252.00 |
| 6/26/02 | JJT | Prepare response to plaintiffs' proposal to modify order; prepare affidavit; letter to clerk; letter to R Tigue; letter to client | 2.20 | 308.00 |
| 6/27/02 | JJT | Work on affidavit re attorney's fees | 1.20 | 168.00 |
| 6/27/02 | JJT | Review plaintiffs' supplemental response; phone call to mayor; phone call to Judge Frank's clerk | 1.10 | 154.00 |
| 6/28/02 | JJT | Review Judge Frank's order; phone call to mayor; revise affidavit re attorney's fees | 1.70 | 238.00 |
| | | **Total Services :** | **$** | **5,810.00** |

For All Disbursements As Follows:

| | | |
|---|---|---|
| | Fax | 70.50 |
| | Photocopies | 443.00 |
| | Postage | 72.07 |
| 6/13/02 | Metro Legal Services; Legal Process service | 39.00 |
| 6/17/02 | Metro Legal Services; Court filing service | 8.00 |
| 6/20/02 | Metro Legal Services; Court filing service; legal process service | 48.00 |

**Kennedy & Graven, Chartered**
200 South Sixth Street
Suite 470
Minneapolis, MN 55402

League of Minnesota
Mark Rossow

June 30, 2002

| | | |
|---|---|---|
| **Total Disbursements:** | **$** | **680.57** |
| **Total Services and Disbursements:** | **$** | **6,490.57** |

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov