**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jake's Ltd., Inc., a Minnesota corporation, and Richard J. Jacobson,

Plaintiffs,

v.

The City of Coates, a municipal corporation,

Defendant.

Civil No. 00-192 (DWF/AJB)

**ORDER TO SHOW CAUSE AND MEMORANDUM**

---

Randall D. B. Tigue, Esq., Tigue Law Office, 2940 Pillsbury Avenue South, Suite 200, Minneapolis, MN 55408, counsel for Plaintiffs.

James J. Thomson, Esq., Kennedy & Graven, 470 Pillsbury Center, 200 Sixth Street South, Minneapolis, MN 55402; Joe Y. Yang, Esq., St. Paul Companies, 385 Washington Street, St. Paul, MN 55102, counsel for Defendant.

---

The above-entitled matter is before the Court on the motion of the Defendant, The City of Coates, a municipal corporation, for an order to show cause as to why a further order for civil contempt and attorney fees should not be entered. Based upon all of the files, records, and proceedings of this matter; a review of the procedural history of the file, including the Court's existing court order filed on March 13, 2001, enjoining Plaintiffs from operating a sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota, and the Court's minute order of June 21, 2002, ordering the Plaintiffs to pay $1,000 per day for each day that Plaintiffs continued to operate a sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

FILED AUG 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

1. Defendant The City of Coates' motion for contempt hearing (Doc. No. 72) is **GRANTED**.

2. Plaintiffs Jake's Ltd., Inc., and Richard J. Jacobson shall appear before this Court on Wednesday, September 4, 2002, at 1:30 p.m. (CST) in Courtroom 2, Warren E. Burger Federal Building, 316 North Robert Street, St. Paul, Minnesota, to show cause why this Court should not enter an order finding Plaintiffs in contempt of this Court's March 13, 2001, Order, and the Court's June 21, 2002, Order. Furthermore, Plaintiffs should show cause why this Court should not enter appropriate sanctions against Plaintiffs including, but not limited to, immediate closure of Jake's Ltd., Inc., until the previously imposed sanction of $1,000 per day is paid in full for each day since June 28, 2002, that Plaintiffs have violated the existing orders of the Court, until the attorney fees and costs ordered in the Court's August 1, 2002, Order are paid in full, and until Plaintiffs have provided any other relief deemed appropriate by the Court to ensure compliance with the Court's orders in this matter.

Dated: August 19, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

On September 4, 2002, the parties should be prepared to proceed with an evidentiary hearing addressing whether Plaintiffs have continued to operate a sexually-oriented business at 15981 Clayton Avenue, Coates, Minnesota, in violation of City ordinance and the orders of this Court. Defendant has alleged that Plaintiffs reopened without notice to Defendant or the Court.

The reports from the undercover police officers assert that dancers at Plaintiffs' business are continuing to display "specified anatomical areas" and/or are engaging in "specified sexual activities," thereby rendering the business an "adult entertainment facilty" within the meaning of the City's ordinance and in violation of the Court's prior orders. Whether that conduct and those activities have occurred since the last order of the Court will be the sole focus of the hearing.

The parties should agree to the mode of presentation of the evidence and the scope of the hearing. For example, to the extent the reports submitted to the Court specifically allege that the Plaintiffs are in violation of the Court's order by permitting dancers to engage in specified sexual activities, the actual witnesses should be present and available to testify unless the parties agree to submit that issue on the reports.

Defendant, The City of Coates, a municipal corporation, is requesting $1,000 per day from June 28, 2002, and that the future amount of any civil fine or sanction be increased to $5,000 per day; that Richard J. Jacobson be incarcerated in order to ensure full compliance with the Court's previous orders; and that Plaintiffs be required to pay additional attorney fees and costs, including the costs incurred by the Defendant in receiving and then processing 600,000 pennies received from the Plaintiffs apparently as payment for an earlier attorney fee award. With respect to the pennies, such conduct usually indicates that one party is determined, at whatever cost to themselves, to needle and harass the other, to prolong the litigation, and to exacerbate the tension between the parties. Such conduct is petty and more appropriate to a schoolyard spat than to litigation involving the First Amendment of the United States Constitution. Moreover, such conduct shows a lack of respect not only for the other party but for this Court and its orders, and the Court will not condone it.

Implicit in the Court's Order is that the parties resolve any briefing schedules with respect to any submissions to the Court well in advance of the September 4, 2002, hearing.

D.W.F.