**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jake's, Ltd., Inc., a Minnesota corporation, and Richard J. Jacobson,

Plaintiffs,

v.

The City of Coates, a municipal corporation,

Defendant.

Civil No. 00-192 (DWF/AJB)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER FOR JUDGMENT, AND MEMORANDUM ON DEFENDANT'S MOTION FOR CONTEMPT**

---

Randall D.B. Tigue, Esq., Tigue Law Office, 2940 Pillsbury Avenue South, Suite 200, Minneapolis, Minnesota 55408, on behalf of Plaintiffs.

James J. Thomson, Esq., Kennedy & Graven, 470 Pillsbury Center, 200 Sixth Street South, Minneapolis, Minnesota 55402, on behalf of Defendant.

---

The above-entitled matter is before the undersigned United States District Judge pursuant to an Order to Show Cause why Plaintiffs Jake's, Inc., and Richard J. Jacobson should not be held in constructive civil contempt.

Based upon the testimony and other evidence presented, the file and records in this case, and the Court being otherwise duly advised in the premises, the Court hereby makes the following:

**FINDINGS OF FACT**

1. On March 13, 2001, this Court entered an Order in this matter which stated that Plaintiffs were "enjoined from operating a sexually-oriented business at their current location."

2. On June 19, 2002, this Court entered an Order in this matter which stated:

> a. The Court finds Plaintiffs to be in contempt of this Court's March 13, 2001, Order by continuing to operate a sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota, in violation of city ordinances. The

FILED OCT 4 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> Court further finds that Plaintiffs have failed to abide by this Court's March 13, 2001, Order since May 22, 2002, the date of the Eighth Circuit Court of Appeals mandate enforcing this Court's March 13, 2001, Order;
>
> b. Plaintiffs are ordered to close the sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota as of 6:00 p.m. Friday, June 21, 2002, and are further ordered to place a conspicuous sign at all entrances to the premises stating that the business has been closed pursuant to an order of the United States District Court for the District of Minnesota;
>
> The United States Marshal is hereby respectfully directed to place a seal on Plaintiffs business located at 15981 Clayton Avenue in Coates, Minnesota;
>
> c. Plaintiffs shall pay Defendant $1,000 per day for each day that Plaintiffs continue to operate a sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota after 6:00 p.m. Friday, June 21, 2002, in violation of this Court's orders in this matter; and
>
> d. Finding that Plaintiffs' opposition to Defendant's motion is not made in good faith, the Court further orders Plaintiffs to pay Defendant for all costs and attorney fees incurred in enforcing and assuring compliance with this Court's March 13, 2001, Order, including the attorney fees and costs relating to the current motions before the Court.

3. On June 21, 2002, the Court entered an Amended Order in this matter which stated:

> All signs and seals may be lifted from the property at 15981 Clayton Avenue in Coates, Minnesota upon a showing or affirmation from Plaintiffs, with reasonable notice to Defendant and subsequent approval of the Court, that any and all businesses at the aforementioned address are in compliance with ordinances of the City of Coates and orders of the Eighth Circuit and the United States District Court for the District of Minnesota.

4. On August 1, 2002, this Court entered an Order in this matter which stated "Defendant the City of Coates is entitled to a judgment of this Court in the amount of $6,490.57 for reasonable attorney fees and costs against Plaintiffs Jake's, Ltd., Inc., and Richard J. Jacobson."

5. Jake's, Ltd., Inc., re-opened for business at 15981 Clayton Avenue in Coates, Minnesota, on June 28, 2002. Before re-opening, Jake's neither provided notice to the City, nor did it receive approval of the Court.

6. City of Coates, Ordinance No. 40, § 801(65) defines a "sexually-oriented business" as, *inter alia*, an "adult entertainment facility." Adult entertainment facility is defined in section 801(58) as follows:

> A building or space wherein an admission is charged for entrance or food or non-alcoholic beverages are intended for consumption and wherein may be observed live presentation or entertainment distinguished or characterized by an emphasis on matters depicting, describing or relating to specified sexual activities or specified anatomical areas as defined herein.

"Specified sexual activities" are defined by ordinance to include "fondling or other erotic touching of human genitals, pubic region or pubic hair, buttocks, or female breast or breasts."

7. *Webster's Collegiate Dictionary*, 10th Edition, defines "erotic" as "of, devoted to, or tending to arouse sexual love or desire" or "strongly marked or affected by sexual desire."

8. To date, neither this Court nor the Eight Circuit has addressed the constitutionality of the Coates city ordinance regarding "specified sexual activities." This issue has not been briefed by either of the parties, and Plaintiffs concede that they are not challenging the facial or as-applied constitutionality of this particular provision of the ordinance.[1] Thus, the Court will not address the constitutionality of the ordinance as related to "specified sexual activities," but merely will address whether or not Plaintiffs' employees' conduct demonstrates that Jake's is operating as a sexually-oriented business as prohibited by city ordinance.

---

1 Specifically, Plaintiffs have stated, "Plaintiffs are <u>not</u> requesting that this Court declare the Coates ordinance unconstitutional, either facially or as applied." (Emphasis in original.) Plaintiffs' Reply Memorandum in Opposition to Finding of Contempt at 4.

9. On July 16, 2002, Dakota County Drug Task Force officer Michael Parks made an undercover visit to Jake's at 15981 Clayton Avenue, Coates, Minnesota. Officer Parks was charged $5 to enter the building. During his time at Jake's, two dancers approached Officer Parks at separate times and asked if the officer wanted a "lap dance." Officer Parks paid $20 each for two separate lap dances, during which time the dancers performed various acts for him, including rubbing their breasts on his face, head, and genitals; straddling his lap; and rubbing their clothed groin areas on his lap or genital area. Officer Parks also observed the dancers perform similar acts on other customers at Jake's, including at least one dancer "grinding" on a patron's genital area.

10. On July 17, 2002, Officer Parks again visited Jake's, accompanied by Dakota County Drug Task Force Officer Brian Sturgeon. Each officer paid a $5 cover charge to enter the building. That evening, several dancers approached Officer Parks at separate times and offered to perform a "couch dance" or a "VIP[2] couch dance" for him. Officer Parks paid $20 each for two separate couch dances and $140 for a VIP couch dance, during which time the dancers performed various acts, including rubbing their breasts on his face, head, and genitals; rubbing their clothed groin areas on his lap or genital area; and rubbing their leg or foot on his genitals. Two dancers individually performed $20 couch dances for Officer Sturgeon, rubbing their breasts against the officer's face and, straddling the officer, rubbing their groin areas back and forth against his groin area. That night, Officer Parks and Officer Sturgeon also observed the dancers perform similar acts for other customers at Jake's.

---

2 The "VIP" designation apparently gives the patron more privacy with the dancer. During a VIP dance, the patron sits or lies on a bed or couch in a curtained-off area. The patron is allowed to touch the dancer, except for the dancer's clothed areas or the dancer's inner thigh.

11. On July 24, 2002, Officer Parks again visited Jake's. Officer Parks paid a $5 cover charge to enter the building. That evening, three dancers separately approached Officer Parks and offered to perform lap dances or a "VIP bed dance" for him. Officer Parks paid $20 and $30 for two lap dances and $140 for a VIP bed dance, during which time the dancers performed various acts for him, including rubbing their breasts on his chest, face, head, and genital area; rubbing their legs on Officer Parks' genitals; and rubbing their groin areas on Officer Parks' genitals and stomach. Officer Parks observed the dancers performing similar acts for other customers of Jake's. Specifically, Officer Parks observed one of the dancers position her legs on a customer's shoulders and place her genital area in that customer's face.

12. To date, Plaintiffs have not denied the pervasiveness of behavior at Jake's such as a dancer rubbing her breasts or genital area on the genital area, face, or other body parts of a patron.

13. Plaintiffs have acknowledged that "the operation of Jake's has totally changed since the validity of the ordinance was tested." Plaintiff's Reply Memorandum in Opposition to Finding of Further Contempt at 3.

14. Sarah DuRose, a dancer at Jake's, testified at the evidentiary hearing on this matter that since the performers at Jake's are no longer allowed to dance totally nude, the style of dancing at Jake's has completely changed. Ms. DuRose stated that since Jake's reopened on June 28, 2002, the dancers were now performing more "sensual" dances. Furthermore, Ms. DuRose stated that the dancers are no longer required to follow Jake's "six-inch rule," prohibiting a dancer from coming within six inches of a patron, that existed when the dancers were totally nude.

15. Jennifer McBride, a manager of the dancers at Jake's, testified at the evidentiary hearing on this matter that since Jake's reopened on June 28, 2002, the dancers are permitted to make clothed, full-body contact with patrons. Specifically, Ms. McBride testified that as long as the dancers' genitals, buttocks, and areaolae are covered, the dancers are not prohibited from engaging in full-body contact with patrons or even "grinding" on patrons' genital areas, as was described by Officer Parks.

16. Ms. McBride also testified that dancers are not prohibited from making clothed, full-body contact with patrons, even once the dancer realizes that a patron is physically aroused or experiencing an erection.

17. The Court finds that in an attempt to evade or postpone the effects of valid city ordinances, the orders of the Eighth Circuit Court of Appeals, and the orders of this Court, Plaintiffs have changed the character of the business at Jake's from live nude dancers to clothed dancers who engage in full-body contact with patrons.

18. The Court finds that full-body contact lap dances, couch dances, and bed dances have now become an integral part of business at Jake's, as opposed to live nude dancing. This substantial change to the nature in which Plaintiffs operate their business is yet another eleventh-hour attempt to avoid the effect of this Court's orders and to avoid compliance with zoning or licensing ordinances regulating sexually-oriented businesses. Moreover, such full-body contact has occurred in an effort to maintain revenue and to ultimately avoid relocation of Jake's.

19. Based upon the nature of the so-called "dancing" occurring at Jake's, including the substitution of full-body contact with patrons for live nude dancing as the primary source of income, the Court finds and concludes that, on at least one or more occasions each day that

Jake's is open, "specified sexual activities" are occurring in violation of the Coates city ordinance.

20. Jake's is open seven days a week, from 4:00 p.m. to 1:00 a.m. Further, the total number of days that Jake's has been open since June 28, 2002, through the date of the evidentiary hearing on this matter is 68 days.

21. The Court finds, based upon the facts and circumstances presented in the record, that the dancers' behavior of rubbing their genital areas, whether clothed or not, on the genital areas, faces, and other body parts of the patrons at Jake's clearly constitutes "erotic touching" and thus is a "specified sexual activity" as defined by the Coates city ordinance.

22. The Court finds, based upon the facts and circumstances presented in the record, that the dancers' behavior of rubbing their breasts, whether clothed or not, on the faces, heads, and genital areas of the patrons at Jake's clearly constitutes "erotic touching" and thus is a "specified sexual activity" as defined by the Coates city ordinance.

23. The Court finds, based upon the facts and circumstances presented in the record, that the occurrence of such specified sexual activities demonstrates that Jake's has continued to operate as a sexually-oriented business since June 28, 2002, when it re-opened for business on a daily basis.

24. The Court finds Plaintiffs to be in further contempt of this Court's March 13, 2001, Order by continuing to operate a sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota, in violation of Coates city ordinances. The Court further finds that Plaintiffs have failed to abide by this Court's March 13, 2001, Order since June 28, 2002, the date that Plaintiffs re-opened their business.

25. By this Court's Order of August 1, 2002, Plaintiffs were ordered to pay $6,490.57 to Defendant for attorney fees and costs incurred in enforcing and assuring compliance with the March 13, 2001, order of the Court. On August 12, 2002, Richard J. Jacobson made payment of the attorney fees and costs ordered by this Court, mostly in pennies. The net deposit was $5,889. Vermillion State Bank charged the City $539 to process the pennies. This processing and lack of full payment by Plaintiffs resulted in a $601.57 shortfall of the amount due to the City pursuant to this Court's Order.

26. That any conclusion of law deemed a finding of fact is incorporated herein.

Based upon the Findings of Fact, the Court hereby makes the following:

## CONCLUSIONS OF LAW

1. The Court finds and concludes that the issue of the constitutionality of the "specified sexual activities" provision of the Coates city ordinance is not properly before this Court.

2. The Court finds and concludes that at all times relevant hereto, Jake's, Ltd., Inc., and Richard J. Jacobson had the ability to comply with this Court's Orders of March 13, 2001, and June 19, 2002.

3. The Court finds and concludes that there is clear and convincing evidence, based upon the record before the Court, that Jake's, Inc., and Richard J. Jacobson willfully and intentionally violated the Court's Orders of March 13, 2001, and June 19, 2002, for the reasons stated in the findings of fact, above. Plaintiffs willfully and intentionally changed the nature of the business at Jake's in an attempt to avoid the effect of valid ordinances and orders relevant to this case and thus to avoid relocation. Nonetheless, Plaintiffs continued to operate a sexually-oriented business in Coates, Minnesota, in violation of the Coates city ordinance.

4. The Court finds and concludes that there is clear and convincing evidence that Jake's, Inc., and Richard J. Jacobson, on July 16, 17, and 24, 2002, were in constructive civil contempt of this Court's Orders of March 13, 2001, and June 19, 2002.

5. The Court finds and concludes that, based upon the nature of the business and the services available from the dancers at Jake's, there is clear and convincing evidence that on each day that Jake's is open for business, one or more "specified sexual activities" is occurring daily at Jake's.

6. The Court finds and concludes that, based upon the daily occurrence of specified sexual activities at Jake's, Jake's has continued to operate as a sexually-oriented business since it reopened on June 28, 2002, in violation of Coates city ordinances.

7. The Court finds and concludes that the Defendant is entitled to compensatory damages for reasonable attorney fees and costs associated with the prosecution of this contempt proceeding, in order to secure compliance with the Court's prior orders.

8. That any finding of fact deemed a conclusion of law is incorporated herein.

Based upon the above Findings of Fact and Conclusions of Law, the Court hereby enters the following:

**ORDER**

1. Defendant's Motion for an Order of Civil Contempt against Plaintiffs Jake's, Ltd., Inc., and Richard J. Jacobson is **GRANTED**, and Jake's, Ltd., Inc., and Richard J. Jacobson are found to have been in constructive civil contempt of the Court's March 13, 2001, and June 19, 2002, Orders.

2. Defendant is respectfully directed to submit an affidavit to the Court by October 15, 2002, setting forth Defendant's costs and attorney fees since August 1, 2002, in

enforcing and assuring compliance with this Court's Orders of March 13, 2001, and June 19, 2002.

3. Plaintiffs are ordered to close the sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota, as of 4:00 p.m., Tuesday, October 8, 2002, and are further ordered to place a conspicuous sign at all entrances to the premises stating that the business has been closed pursuant to an order of the United States District Court for the District of Minnesota. Plaintiffs may reopen only when they have complied fully with this Order, including the payment of all court-ordered attorney fees, costs, and sanctions.

4. Defendant The City of Coates is entitled to a judgment of this Court in the amount of $539, by cashier's check, for the reasonable costs incurred by The City of Coates to process the payment made to Defendant on August 12, 2002, in pennies.

5. Defendant The City of Coates is entitled to a judgment of this Court in the amount of $62.57, by cashier's check, representing the deficiency in payment on August 12, 2002, by Plaintiffs pursuant to this Court's August 1, 2002, Order.

6. Plaintiffs shall pay to this Court $68,000 by cashier's check, which represents $1,000 per day for each day that Plaintiffs continued to operate a sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota, after June 28, 2002, and through September 4, 2002, the date of the hearing on this matter, pursuant to this Court's June 19, 2002, Order. The Court finds that such sanctions are appropriate and well-tailored to ensure further compliance with this Court's orders. The imposition of a prospective, conditional fine of $1,000 for each day that Plaintiffs did not comply with the orders of the Court was reasonable and necessary in order to secure daily compliance with this Court's orders. In ordering this prospective, conditional fine

of $1,000 per day, the Court considered the financial circumstances of the Plaintiffs and their business, as demonstrated in the record before the Court.

7. Finding that the prospective conditional fine of $1,000 per day has not secured daily compliance with the orders of the Court and the ordinance of The City of Coates, the Court now directs that Plaintiffs shall pay to this Court $2,000 per day for each day that Plaintiffs continue to operate a sexually-oriented business at 15981 Clayton Avenue in Coates, Minnesota, after 4:00 p.m. on Monday, October 7, 2002, in violation of this Court's orders in this matter.

Dated: October 4, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

As noted previously in the Court's Order of June 19, 2002, Plaintiffs have expended significant time and resources in an effort to circumvent this Court's order, rather than seeking a resolution that is in the best interests of the parties. The procedural history of the case and the conduct of the parties, particularly the Plaintiffs, continues to perplex the Court, given the clear language of the March 26, 2002, opinion of the Eighth Circuit. The Eighth Circuit stated, "Here, the Coates zoning ordinance is constitutional, so Jake's must relocate." *Jakes, Ltd., Inc. v. City of Coates*, 284 F.3d 884, 891 (8th Cir. 2002). While most would conclude that the Eighth Circuit has ended the matter, Plaintiffs appear to have thought otherwise and continue to reinvent yet another dispute in an attempt to avoid the effect of the valid ordinances and orders relevant to this case.

Most cities or municipalities and businesses that find themselves in similar situations find a way to resolve these disputes so that everyone's, including the public's, best interests are served.

For reasons the Court is perhaps not privy to, the parties in this case have chosen another course of action that results in further expenditure of time, efforts, and money in litigation, rather than devoting such resources to their respective business or community.

The Plaintiffs have continued to operate Jake's at 15981 Clayton Avenue in Coates, Minnesota, as a sexually-oriented business. This time around, Plaintiffs are proclaiming that they are indeed in compliance with the Court's order because their "dancers" are clothed and thus, Plaintiffs are no longer subject to the zoning or licensing ordinances regulating sexually-oriented businesses. As noted in the findings and conclusions of this Court, Plaintiffs have actually changed the nature of the business in an attempt to avoid application of the Coates city ordinance. Obviously, the Court is not persuaded.

The Court is especially not persuaded by Plaintiffs' legal arguments that such full-body contact results in "innocuous touching" or "conduct found in any bar in which men and women congregate." First, the Court believes that Plaintiffs would be hard-pressed to find a cultural anthropologist to testify that a dancer "grinding" on a patron's genitals is mere innocuous touching. *Cf., Baby Dolls Topless Saloon, Inc., v. City of Dallas, Texas*, 295 F.3d 471, 484 (5th Cir. 2002). Nor is such conduct like a hug. *See State of Minnesota v. Ohrtman*, 466 N.W.2d 1 (Minn. Ct. App. 1991). If this so-called "grinding" does not fall within the purview of erotic touching, the Court is not sure what would. Finally, despite Plaintiffs' persistent efforts to attach meaning to conduct occurring among patrons of other establishments in The City of Coates, such behavior is completely irrelevant to this case.

D.W.F.